UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Evanston Insurance Company, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 06-cv-4687 (PGS) |
| | ) |
| vs. | ) REPORT & RECOMMENDATION |
| Cozen O'Connor, P.C. and Underwriters of Lloyds of London, | ) |
| | ) |
| Defendants. | ) |

## INTRODUCTION

This matter comes before me on plaintiff's motion to remand this civil action to the Superior Court of New Jersey, Law Division, Essex County. Defendant, Cozen O'Connor, P.C., opposes the motion. The motion was referred to me by Judge Sheridan. I have considered the papers submitted in support of and in opposition to the motion. Oral argument was heard on November 27, 2006.

## BACKGROUND

On August 24, 2006, plaintiff filed a Complaint in the Superior Court. Plaintiff served defendant Cozen O'Connor with the summons and Complaint on September 6, 2006.

Plaintiff mailed the summons and Complaint to defendants Underwriters of Lloyds of London's ("Lloyds") attorneys, Mendes & Mount, New York, New York, on September 18, 2006. Plaintiff effectuated service by mail after filing an Affidavit of Diligent Inquiry on September 13, 2006. See Exhibit A to Certification of David M. Freeman, November 20, 2006.

Lloyd's policy instructs that: "service of process . . . may be made upon: Mendes & Mound." See Exhibit A to Certification of David M. Freeman, October 24, 2006. On September 29, 2006, Cozen O'Connor filed a Notice of Removal pursuant to 28 U.S.C. § 1441. Lloyds did not join in or consent to the removal.

Cozen O'Connor alleges that it did not obtain Lloyds' consent because plaintiff did not properly serve Lloyds and because the meaning of the party designation, "Underwriters of Lloyds of London," was unclear. Cozen O'Connor states that it contacted the Superior Court Clerk on September 13 and 29 and October 10, 2006, to determine whether a return of service for Lloyds had been filed. The Clerk replied that no return of service had been filed. Cozen O'Connor also alleges that from September 12 to September 29, 2006, its counsel had several conversations with Robert Priestly of Mendes & Mound in Newark. Cozen O'Connor asked Mr. Priestly whether he could identify the individual underwriters and consent on their behalf to removal. Mr. Priestly could not identify the underwriters and therefore could not consent.

During the oral argument held before me on November 27, 2006, Mr. Priestly confirmed that Lloyds had been served.

Plaintiff argues that the removal was improper because Lloyds did not join in or consent to it and seeks remand.

**DISCUSSION**

At issue is whether this action should be remanded to the Superior Court based on a defect in removal. Civil actions may be removed to the district court only if it would have had original subject matter jurisdiction over them. 28 U.S.C. § 1441(a). Section 1332(a)(1) provides

2

that subject matter jurisdiction may be based on diversity of citizenship where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between Citizens of different States . . . ." The moving party "bears the burden of showing that federal subject matter jurisdiction exists, that removal was timely and that removal is proper." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

Courts strictly construe the removal statutes "against removal and all doubts are to be resolved in favor of remand.'" Boyer, 913 F.2d at 111. If an action is not properly removed, the district court must remand it to the State court from which it was removed. 28 U.S.C. §1447(c). If the motion to remand is based on a procedural defect in the removal process, it must be filed "within 30 days after the filing of the notice of removal." §1447(c).

Section 1446 sets forth removal procedure. Sections 1446(a) and (b) require the removing defendant to file a Notice of Removal in the district court within 30 days of receipt of the complaint. Also, "it is well-settled rule of law–commonly known as the 'rule of unanimity'–that all defendants must join in or consent to the removal petition." Michaels v. New Jersey, 955 F. Supp. 315, 319 (D.N.J. 1996):

> While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent to the court in timely fashion. Moreover, although relatively few courts have permitted defendants to voice their consent orally, even these courts have required that the oral consent be directed to the court, not merely among the defendants themselves. [955 F. Supp. at 321].

The rule of unanimity does not apply where:

> (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined . . . or [(3)] when a

3

> non-resident defendant has not been served at the time the removing
> defendants filed their petition. [Balazik v. County of Dauphin, 44
> F.3d 209, 213 (3d Cir. 1995)].

This matter should be remanded for the following reasons: First, Cozen O'Connor failed to meet its burden of proving that subject matter jurisdiction exists. Cozen O'Connor's removal petition alleges that this Court has original jurisdiction based on diversity of citizenship. Cozen O'Connor must prove the existence of diversity at the time the Complaint and the Notice of Removal were filed. See, e.g., Bazaar v. Peck, 1996 U.S. Dist. LEXIS 19693, *3-4 (E.D. Pa. 1996). Cozen O'Connor failed to allege the citizenship of the defendants comprising the party designation, "Underwriters of Lloyds of London," at the time the Complaint and the Notice of Removal were filed.[1]

Cozen O'Connor argues that it should be excused from making this showing because the plaintiff failed to identify the underwriters or Names in the Complaint. However, this fact does not excuse Cozen O'Connor from its affirmative obligation under the removal statutes. As the court in Davis v. Baer, 599 F. Supp. 776 (E.D. Pa. 1984), explained:

> [A]s a matter of general practice, state court plaintiffs do not routinely
> allege the citizenship of the parties in their complaints, and that where

---

[1]Lloyds is a market where various individuals and companies bid on the right to insure risks. Lowsley-Williams v. North River Ins. Co., 884 F. Supp. 166, 167 (D.N.J. 1995). These individuals and companies are called "underwriters" or "Names." Names "pay an entrance fee, keep certain deposits at Lloyds' and . . . are liable to the full extent of their personal wealth for any risks undertaken." 884 F. Supp. at 167-68.

In Lowsley, various Lloyds' underwriters brought an action seeking a declaratory judgment on their liability for reinsurance contracts. The defendant moved to dismiss for lack of subject matter jurisdiction, asserting lack of diversity. 884 F. Supp. at 166. The Court held that Lloyds sues "as an individual and as a representative of the Names"; therefore, the citizenship of each Name must be pled and the citizenship of all Names is considered in determining the existence of complete diversity. 884 F. Supp. at 172-73.

> the initial pleading is "indeterminate' as to the parties' citizenship, 'the burden is on the defendant seeking removal to scrutinize the case and remove it in a timely fashion." [599 F. Supp. at 779].

Additionally, to prove the existence of diversity jurisdiction under Section 1332(a)(1), Cozen O'Connor must show that the claims against each Name exceed $75,000. E.R. Squibb & Sons, Inc. v. Accident & Casualty Ins. Co., 160 F.3d 925, 933 (2d Cir. 1998). Lloyds' counsel has indicated that there may be thousands of Names. Each Name is severally liable only for the portion of risk that it insured. Given that the plaintiff's claims against the Names total $1 million, it is unlikely that the claims against each Name will exceed the $75,000 liability threshold.

In its November 30, 2006, letter to Judge Sheridan, Cozen O'Connor asked the Court to postpone remand and allow discovery on the identity of the Names. This request contradicts the long line of caselaw mandating that removal statutes be construed narrowly, particularly where jurisdiction is based on diversity of citizenship:

> [T]he right to remove a state court action to federal court on diversity grounds is statutory. . . and must be invoked in strict conformity with statutory requirements. Principles of federalism and judicial efficiency require that, where, as here, the removal of a state court action is premised solely on diversity between the parties, the court construe the removal statute narrowly, resolving any doubts against removability. [Bryan v. Am. W. Airlines, 405 F. Supp. 2d 218, 220 (E.D.N.Y. 2005)].

Remand, not discovery, is the appropriate remedy for Cozen O'Connor's inappropriate removal.

Second, there should be a remand because Cozen O'Connor did not comply with the rule of unanimity. It advances three arguments that allegedly excuse it from having to obtain consent. Cozen O'Connor argues that the non-service exception to the rule of unanimity applies because plaintiff did not properly serve process on Lloyds. Service of process here is governed

by Rule 4:4-4(b)(1) of the New Jersey Court Rules:

> If it appears by affidavit satisfying the requirements of R. 4:4-5(c)(2) that despite diligent effort and inquiry personal service cannot be made . . . then, consistent with due process of law, in personam jurisdiction may be obtained over any defendant as follows:
>
> * * *
>
> (C) mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and simultaneously, by ordinary mail to: . . . (3) a corporation, partnership or unincorporated association that is subject to suit under a recognized name, addressed to a registered agent for service . . .

Plaintiff served process on Lloyds by mailing the summons and Complaint to Lloyds' attorneys, Mendes & Mount, on September 18, 2006. Plaintiff filed an Affidavit of Diligent Inquiry with the Superior Court on September 13, 2006. Service complied with R. 4:4-4(b)(1). Cozen O'Connor argues that plaintiff's failure to file the return receipt with the Superior Court's clerk's office is a flaw in service. However, R. 4:4-7 provides: "Failure to make proof of service does not affect the validity of service." During oral argument before me, Mr. Priestly confirmed that Lloyds had been served. Plaintiff's service complied with the New Jersey Rules of Court. Also, Lloyd's policy instructs that: "service of process . . . may be made upon: Mendes & Mound." Service also complied with Lloyds' policy. The non-service exception does not apply here.

Cozen O'Connor also argues that there is a reasonable diligence exception to the unanimity rule that applies here. It cites one unreported case, Laurie v. AMTRAK, 2002 U.S. Dist. LEXIS 11838 (E.D. Pa. 2002), for the proposition that the non-service exception applies to situations where a third-party defendant was served before the date of the removal petition, but the removing defendant, in the exercise of reasonable diligence, was unable to learn of service

on the third-party defendant. I will not address whether this exception should be recognized because Cozen O'Connor could have easily learned of the service on Lloyds prior to removal. Cozen O'Connor filed the Petition on September 29, 2006. Cozen O'Connor admits to having had several conversations with Mr. Priestly between September 12th and 29th, during which it sought Mr. Priestly's consent to removal. Because Mr. Priestly admitted during the oral argument that Lloyds had been served, I have no reason to suspect that he did not relay this information to Cozen O'Connor's counsel. But even if Cozen O'Connor did not know whether Lloyds had been served, it could have telephoned plaintiff's attorney and asked. Cozen O'Connor's telephone calls to Mr. Priestly and the Superior Court Clerk do not constitute reasonable diligence.

Finally, Cozen O'Connor argues that the unknown-party exception to the rule of unanimity applies because the individual Names are unknown. However, counsel was required to obtain consent to the removal from Lloyds itself, not just its underwriters. Lowsley, 884 F. Supp. at 172-73 (Lloyds brings suit "as an individual and as a representative of the Names"). Lloyds is a known party and Cozen O'Connor failed to obtain its consent. Therefore, remand is warranted regardless of whether the individual Names are unknown.

## CONCLUSION

For the reasons set forth above, I recommend that this action be remanded to the Superior Court of New Jersey, Essex County, Law Division.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have ten (10) days from receipt of this Report and Recommendation to file and serve objections.

                                                s/ Ronald Hedges
                                                ---------------------

                                              United States Magistrate Judge

Original:     Clerk

cc:           All addresses

              Hon. Peter G. Sheridan, U.S.D.J.

              File