NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
Evanston Insurance Co.              :
                                    :
                  Plaintiff,        :    Civil Action No. 06-4687 (PGS)
                                    :
                                    :
v.                                  :
                                    :    OPINION
                                    :
Cozen O'Conner, P.C., Underwriters of :
Lloyds of London.                   :
                                    :
                  Defendants.       :
                                    :
_____:

**PETER G. SHERIDAN, U.S.D.J.**

      The Court adopts the report and recommendations of Magistrate Judge Hedges, and offers some additional comments regarding the removal of actions.

      The District Court is one of limited jurisdiction. See *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 383, 4 S.Ct. 510, 28 L.Ed. 462 (1884).

      A defendant may remove any civil action from a state court to a federal court. See 28 U.S.C. § 1441. A defendant's right of removal is a statutory one, and the procedures to effect removal must be followed. See *Lewis v. Rego*, 757 F.2d 66, 68 (3d Cir.1985). Removal statutes are to be strictly construed, and all doubts are resolved in favor of remand. See *Landman v. Borough of Bristol*, 896 F.Supp. 406, 408 (E.D.Pa. 1995) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990), cert. denied, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991)). Under 28 U.S.C. § 1446, a defendant must remove within thirty days of service of the complaint. The Court of Appeals for the Third Circuit has construed § 1446 to require that all defendants must join in the

removal petition. See *Lewis*, 757 F.2d at 68 (citing *Northern Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir.1982)). The so-called rule of unanimity provides that "all defendants must join in the notice of removal or otherwise consent to the removal." *Ogletree v. Barnes*, 851 F.Supp. 184, 186 (E.D.Pa. 1994) (emphasis added). "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1441.

"Ordinarily, all of the defendants in the state court action must consent to the removal and the notice of removal must be signed by all of the defendants...." *14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3731* (3d ed.1998) (citing *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir.1995)). "Failure of all defendants to join is a 'defect in removal procedure' within the meaning of § 1447(c)...." *Balazik*, 44 F.3d at 213. There are exceptions to the unanimity rule, however. The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; (2) where a defendant has been fraudulently joined; or (3) when a non-resident defendant has not been served at the time the removing defendants filed their petition (the "non-service exception"). *Balazik*, 44 F.3d at 213 n. 4 (citing *McManus v. Glassman's Wynnefield, Inc.*, 710 F.Supp. 1043, 1045, n. 5 (E.D.Pa. 1989)); *Lewis*, 757 F.2d at 68.

In this magistrate appeal, Cozen O'Conner primarily argues that Lloyd's of London is an unknown party. In order to understand defendant's position, it is necessary to be acquainted with the Lloyd's of London structure. Lloyd's of London and the London Market ("Lloyd's") is considered an unincorporated association under British law, and is composed of many individual investors who may be liable for some portion of a loss. *Howard M. Tollin and Mark Deckman, Lloyd's of London and the Problem with Federal Diversity Jurisdiction*, 9 J. Transnat'l L. & Pol'y 289, 290 (2000).

Lloyd's is not an insurance company, nor does it underwrite insurance. *Id.* at 292. It operates as a marketplace where investors buy and sell insurance risks. *Id.* Lloyd's provides the staff, services and offices to enable these investors and their underwriters to do business on a day-to-day basis. *Id.* Lloyd's consists of investors called, "Names," who form unincorporated groups referred to as syndicates. *Id.* These syndicates underwrite insurance coverage for an insured through agents, called lead underwriters, who act on behalf of the syndicate. *Id.*

According to Cozen O'Conner, the syndicate is not the proper defendant, but rather the Names are the proper defendants. *See*, *Lowsley-Williams v. North River Ins. Co.*, 884 F.Supp. 166, 168 (D.N.J. 1995). It is argued that "[s]yndicates are informal associations of Names, which may not be sued." Thus, defendant argues that because the identities of the Names were unknown at the time of removal, the unknown party exception applies and excuses defendant from obtaining consent from its co-defendant(s).

Plaintiff's Complaint names the "Underwriters of Lloyds of London" as a defendant. According to *Lowsley*, "the Underwriter of a Lloyd's syndicate does not hold legal title to any Name's assets, nor does the Underwriter sue or get sued in only an individual capacity. [] Rather, the Underwriter sues or gets sued as a representative of all the Names in the syndicate as well as in an individual capacity." *Lowsley*, 884 F.Supp. at 169 (citing *International Ins. Co. v. Certain Underwriters at Lloyd's London*, 1991 U.S.Dist. LEXIS 12937 at *11 (N.D. Ill1991)).

The definition of what constitutes an "unknown party" is ambiguous. *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir.1995). The statute does not define the term and the parties have not cited any case law that explains it adequately. In one case, the Fourth Circuit found a party to be unknown since "there is nothing in the record to show the existence of any such juristic person

3

or persons." *Perpetual Building and Loan Assoc. v. Series Directors of Equitable Building and Loan Assoc., Series No. 52*, 217 F.2d 1, 6 (4th Cir. 1954).  The case at bar is clearly distinguishable from *Green v. America Online*, 318 F.3d 465 (3d Cir. 2003), cert. denied, 540 U.S. 877 (2003), cited by defendant.  There, the Third Circuit ruled that John Doe 1 and John Doe 2 were not required to join in the notice of removal because they were unknown.  While this Court makes no ruling on the status of the Names and whether they constitute unknown parties, like a John Doe in *Green*, or something else, consent of the Names is not what is required.

Here defendants were aware of the entity of Lloyd's of London, and knew the firm (Mendes and Mount) and the attorney (Robert Priestly) in Newark, New Jersey who "sometimes represents Lloyd's underwriters when they are sued in New Jersey."  While Mr. Priestly was unaware that Lloyd's had been served with the Complaint at the time, defendants were correct that Underwriters of Lloyd's of London were, in fact, represented by Mendes and Mount.  Since the policy specifically provided that service was permitted to be made on Mendes and Mount in New York, Underwriters of Lloyd's of London is an entity that could be served.  These facts were known to defendant.

Defendant maintains that the consequences of affirming the Magistrate's ruling "would be far reaching" and "[t]reating anonymously designated Lloyd's underwriters, such as the party named in this lawsuit, as 'known' parties who must consent to removal would inevitably lead to increased cases of fraudulent joinder and forum shopping by plaintiffs."  This is not a novel concern as the debate concerning Lloyd's of London and federal jurisdiction has been the subject of several treatises and articles.  See *Litigating in the London Market: Overview of Current Issues,* SG004 ALI-ABA 377, 386 (2001); *Lloyd's of London and the Problem with Federal Diversity Jurisdiction*, 9 J. Transnat'l L. & Pol'y 289 (2000); *Is It Still Possible to Litigate Against Lloyd's in Federal Court?*,

4

34 Tort & Ins. L.J. 1065 (1999); *Litigating Against Lloyd's in Federal Court: Is It Still Possible?*, 789 PLI/Comm 183 (1999).

The issue is not resolved and, given the language of the case law concerning the removal statute, the Court need not reach a final solution to the question that has plagued many district and circuit courts. As noted above, the removal statute should be strictly construed and all doubts resolved in favor of remand. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26 (3d Cir. 1985). Therefore, remand to state court is required if any doubt exists over whether removal was proper. *Alessi v. Beracha*, 244 F.Supp.2d 354, on remand 849 A.2d 939 (D.Del. 2003); *F.D.I.C. v. Wissel & Sons Const. Co., Inc.*, 881 F.Supp. 119 (D.N.J. 1995). *Januszka v. Kemper Ins. Co.*, 1994 WL 236463 (E.D.Pa. 1994) (citing *Shamrock Oil & Gas*, 313 U.S. at 108-09; Boyer, 913 F.2d at 111).

In this case, there is doubt regarding whether removal was proper. Cozen O'Conner has failed to demonstrate, without doubt, that the Underwriter of Lloyd's of London is an "unknown party" for purposes of the exception to the rule of unanimity.[1]

Accordingly, the Report and Recommendation of Magistrate Judge Hedges is affirmed. The matter is remanded.

March 20, 2007

   s/Peter G. Sheridan
PETER G. SHERIDAN, U.S.D.J.

---

[1] The Court, therefore, need not address the issue of whether subject matter and diversity jurisdiction is satisfied.